## C. & W. I. R. Co. *v.* L. S. & M. S. Ry. Co.
### (Bill.)

## L. S. &. M. S. Ry. Co. *v.* C. & W. I. R. Co.
### (Cross-bill.)

*(Circuit Court, N. D. Illinois.   January 5, 1881.)*

1. REMOVAL.—CONSOLIDATED CORPORATIONS—When a corporation is created by the laws of one state and then becomes consolidated with the corporations of other states, by virtue of the laws of the state of its creation and of such other states, and then changes its name and is sued by such changed name in a court of the state where it was created by a corporation of the same state, one of the consolidated corporations created by the law of another state cannot go into such state court and have the cause removed into the federal court.—[ED.

*Lawrence, Campbell & Lawrence,* for C. & W. I. R. Co.

*Jas. L. High, Geo. W. Kretzinger,* and *C. D. Roys,* for L. S. & M. S. Ry. Co.

DRUMMOND, C. J.   Under the general law of the state of Illinois, of November 5, 1849, a corporation was created, called the Northern Indiana & Chicago Railroad Company, to which were given the general powers of a railroad company by the act of June 16, 1852.   That company, under the authority of the laws of Illinois and Indiana, was consolidated with a railroad company of the latter state.   A consolidation then took place between this consolidated corporation and a railroad company created by the laws of the state of

Michigan; and afterwards there was a consolidation between railroad companies created under the laws of Illinois, Indiana, Michigan, Ohio, Pennsylvania, and New York, the result of which was that a consolidated railroad company was created, called the Lake Shore & Michigan Southern Railway Company, which owns and operates a line of railroad from Buffalo, in the state of New York, to Chicago, in the state of Illinois.

The property in controversy, being certain real estate in the county of Cook, was conveyed to one of the consolidated corporations created between the date of the original corporation of the state of Illinois, and the consolidated corporation which was the result of the legislation of the different states referred to. On September 13, 1880, the Chicago & Western Indiana Railroad Company, a corporation of the state of Illinois, filed its original bill in the superior court of Cook county against the Lake Shore & Michigan Southern Railway Company. On November 22, 1880, the Lake Shore & Michigan Southern Railway Company filed its cross-bill alleging that it was a consolidated corporation composed of different corporations organized and chartered under the laws of the states of New York, Ohio, Indiana, and Michigan. On November 27, 1880, the Chicago & Western Indiana Railroad Company filed its answer to the cross-bill denying that the Lake Shore & Michigan Southern Railway Company was a consolidated corporation, as alleged in the cross-bill, but averring that it was a corporation of the state of Illinois, and that it was originally incorporated under the general incorporation law of 1849, and that subsequently it was consolidated with the other corporations heretofore mentioned. On the twenty-ninth of November, 1880, the Lake Shore & Michigan Southern Railway Company filed its petition and bond and affidavit of local prejudice, in the superior court, alleging that the complainant was a citizen of the state of Illinois, and that the petitioner was a citizen of the state of New York, and asking for the removal of the cause to this court. On the same day the Chicago & Western Indiana Railroad Company filed an answer to said petition, averring that the original

bill was filed against the Lake Shore & Michigan Southern Railway Company as a corporation of the state of Illinois only. The petition alleged the necessary amount required by the statute as the subject of controversy, and executed the proper bond. The state court refused to grant the prayer for removal, and a transcript has been taken of the record of the state court, and leave is asked to file it and have the cause docketed in this court, on the ground that it is a case properly removable to this court under the acts of congress.

On the face of the petition the case is removable, but it has been submitted to the court upon the facts as heretofore stated, and the question is whether, when a corporation is created by the laws of one state, and then becomes consolidated with the corporations of other states, by virtue of the laws of the state of its creation and other states, and then changes its name and is sued by that name in a state court of its creation by a corporation of the same state, one of the corporations created by the laws of another state can go into the state court and have the cause removed into the federal court.

When the suit was brought in the state court against the Lake Shore & Michigan Southern Railway Company, we must assume that the corporation meant was that created by the laws of Illinois. The laws of other states which created the corporations of those states had no force in the state of Illinois, except by virtue of its legislation, and therefore the consolidated corporation of that state became such by the laws of Illinois, and the result of the combined legislation of the several states was that as to Illinois the corporation of this state was the sole representative of the other corporations. It may be said, therefore, that in consequence of the legislation of the various states the corporation of each state became an integral part of the consolidated railroad company between Buffalo and Chicago, whose interests were in common, and yet, as regards the respective corporations, each was a legal entity existing by virtue of the laws of the state of its creation. This, I understand, is the effect of the de-

cisions of the supreme court of the United States upon this subject.

It is claimed, on the part of the original defendant, that this case is like that of *The St. Louis, Alton & Terre Haute R. Co.* v. *The Indianapolis & St. Louis R. Co.* 12 Leg. News, 73, and therefore that case, in principle, decides this, because it was there held that the federal court had jurisdiction. That was an original bill filed by a corporation of the state of Illinois against corporations of Indiana and Pennsylvania, the Indiana corporations being consolidated, it is true, with a corporation of Illinois, the plaintiff in the suit. This is not a suit brought by a New York corporation, an integral part of this consolidated company, against an Illinois corporation, but it is a suit brought by an Illinois corporation against another Illinois corporation, an integral part of a consolidated company of which the New York corporation also constitutes a part. It may be that where there is a consolidation under the laws of different states of the corporations of those states operating a railroad, that one of the corporations can file a bill in equity in the federal court for the protection and maintenance of its own interests against another corporation, part of the consolidated company, and created by a different state from that of the plaintiff. But that is not this case. It cannot be said that this is a controversy wholly between citizens of different states, because it is a controversy between two citizens of Illinois, each being a corporation of Illinois, and therefore it is a controversy in part only between the corporation plaintiff and the corporation defendant that seeks the removal of the cause.

Neither is this case like that of *The Northwestern Ry. Co.* v. *The Chicago & Pacific R. Co.* 7 Leg. News, 57, where the plaintiff, although consolidated with a corporation of Illinois, sued as a corporation of Wisconsin.

The principle contended for, as I understand, by the defendant in the original suit, amounts to this: That, because a person is sued in a state court by a citizen of that state, and a citizen of another state is jointly interested with the

defendant in the subject of controversy on which the suit is brought, the non-resident citizen has the right to go into the state court and ask for the removal of the cause into the federal court. I do not think that principle can be maintained, and, therefore, I shall refuse to take jurisdiction of this case.